*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

MIGUEL GARCIA,

      Defendant-Appellant.

UNPUBLISHED
July 25, 2019

No. 344262
Kent Circuit Court
LC No. 18-000208-FH;
          18-000285-FH

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent because the trial court failed to provide adequate grounds for imposing a consecutive sentence as mandated by *People v Norfleet*, 317 Mich App 649, 665; 897 NW2d 195 (2016).

The relevant crimes were downloading of child pornography and using a computer to commit a crime. The court ordered that the terms imposed be served consecutively. Therefore defendant will serve a combined term of 66 months to 11 years.

I conclude that this was an abuse of the court's discretion. First, defendant's history provided no grounds for a consecutive sentence. He was 62 years old at the time of his conviction and had never before been charged with a crime. Second, there was no allegation that defendant ever improperly touched a child or communicated with a child for the purpose of having any relationship, let alone sexual contact. Third, given that the crime of accessing child pornography—with rare exception—requires the use of a computer it is difficult to see how that crime merits a consecutive sentence.[1] Michigan has a "clear preference for concurrent

---

[1] I recognized that sentences for felony firearm are imposed consecutively to an underlying crime such as armed robbery. MCL 750.227b(3). However, unlike this case, the felony-firearm statute requires a consecutive sentence. Moreover, guns are dangerous weapons by their nature while computers are not.

sentencing," and the " 'strong medicine' of consecutive sentences is reserved for those situations in which so drastic a deviation from the norm is justified." *Norfleet*, 317 Mich App at 665 (quotation marks and citation omitted).


/s/ Douglas B. Shapiro